UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>DENNIS ROBERT GIBB,<br><br>Defendant. | CASE NO. CR19-59RSM<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on the Motion for Compassionate Release filed by Defendant Dennis Gibb. Dkt. #35. Mr. Gibb, an inmate at FCI Sheridan work camp in Oregon, seeks release to a VA halfway house because he "is 73 years old and suffers from chronic kidney disease and hypertension, all of which have been identified by the Centers for Disease Control (CDC) as high risk factors for serious illness or death should he contract COVID-19." *Id.* at 1.

On March 28, 2019 Mr. Gibb pleaded guilty to two separate offenses: Wire Fraud, in violation of 18 U.S.C. § 1343, and Falsification of Records, in violation of 18 U.S.C. § 1519. Dkt. #4. On June 28, 2019, Mr. Gibb was sentenced to a term of 60 months followed by three years of supervised release. Dkts. #25 and #26. He was remanded to custody on that date and is now serving his sentence at FCI Sheridan. Mr. Gibb is currently 73 years old. He has served approximately 13 months of his sentence; his projected release date is September 20, 2023.

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 1

Mr. Gibb declares he submitted a request to the warden at FCI Sheridan on April 29, 2020, for compassionate release pursuant to Title 18 U.S.C. § 3582(c)(1)(A). Dkt. #35-1 at ¶ 9. The Government does not dispute this, but points out that Mr. Gibb filed a second request on July 10, 2020, and a third through counsel on July 12, 2020. Thirty days have passed since the date of the first application.

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i).

Effective December 21, 2018, the First Step Act of 2018 amended Section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 2

> to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (italics reflecting amendment under First Step Act).

The Court finds that Mr. Gibb has exhausted his administrative remedies but has not served at least 30 years in prison, and therefore moves on to the question of extraordinary and compelling reasons particular to this Defendant justifying the requested relief.

The Sentencing Commission offers guidance on medical conditions that may warrant compassionate release. Application Note 1 to USSG § 1B1.13 provides that "extraordinary and compelling reasons" for a sentence reduction exist when:

> (A) Medical Condition of the Defendant.
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

USSG § 1B1.13 cmt. n.1(A).

Over the past several months, faced with the rapid spread of COVID-19 through the country's prison systems, many courts have determined that the USSG's "medical condition" criteria are not well-suited to addressing the risk of serious illness or death from COVID-19. As

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 3

a result, courts in this district have considered one or more of the following factors when evaluating a compassionate release request based on the threat COVID-19: (i) whether the inmate is at higher risk because of his or her age and/or race; (ii) whether the inmate has one or more, medically-documented, chronic health conditions that render him or her more vulnerable to COVID-19; (iii) the fatality rate for individuals with similar health conditions as compared with the overall fatality rate for COVID-19; (iv) whether the inmate has previously tested positive for the coronavirus that causes COVID-19 and, if so, whether the inmate suffers from any long-term effects of the disease; and (v) whether the inmate's release is expected to reduce the risk of him or her contracting COVID-19. *United States v. Powers*, No. CR15-166 TSZ, 2020 WL 3605748, *2 (W.D. Wash. July 2, 2020) (collecting cases). Given the "catch-all" provision of the Commission's application notes, *see* USSG § 1B1.13, cmt. n.1(D), as well as the non-binding status of the comments to USSG § 1B1.13, the Court has discretion to consider the above factors. *Id.*

Having considered these factors, the Court concludes that Defendant Gibb has established one or more medically-documented chronic health conditions rendering him more vulnerable to COVID-19. The Court is not entirely convinced that release to a VA halfway house would satisfactorily reduce the risk of exposure; it certainly would be preferable for Mr. Gibb to be released to stay with family or friends in a private residence of some kind.

It is possible that Mr. Gibb could now or with further factual support present extraordinary and compelling reasons justifying release to a halfway house. However, the Court will not answer this question without first considering the following factors set forth in section 3553(a), as required by 18 U.S.C. § 3582(c)(1)(A)(i): "the nature and circumstances of the offense and the history and characteristics of the defendant;" the need for the sentence imposed

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 4

"to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" the sentencing guidelines; and "the need to provide restitution to any victims of the offense."

Mr. Gibb's Motion acknowledges that his offense was "serious," and that he defrauded a number of people who trusted him out of "significant sums of money." Dkt. #35 at 12. It points out his military service and that he has had no other criminal offenses. *Id*. It discusses specific and general deterrence, as well as a number of the other above factors. Mr. Gibb does not discuss his offense or his victims in his attached declaration, which focuses on his health and the conditions at FCI Sheridan work camp.

The Government acknowledges that "[g]iven the nature of his conduct, his age, and his ultimate cooperation in the investigation, it is unlikely that Gibb presents any danger to the community from similar conduct." Dkt. #44 at 10. Shifting the focus to the seriousness of the offense and the issue of just punishment, the Government relies on attached victim comments, all of which the Court has thoroughly reviewed. *Id.* Only one victim fully supports Mr. Gibb's motion for release. *See* Dkt. #44-2. The other victims feel he has not served enough of his sentence. One victim states, "[e]motionally it's reassuring to know Dennis is behind bars. It's helped me feel safe and begin to heal." Dkt. #44-2 at 10. Victims discuss the effects of Mr. Gibb's offense on their own health and health of loved ones—suicide and heart attacks are mentioned. The Government argues that "little has altered since Gibb's sentencing less than

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 5

thirteen months ago and the same issues that this Court grabbled with to arrive at the appropriate sentence are in play today." Dkt. #44 at 10.  As succinctly put by one victim, "Dennis knew he was in his 70s and that he had multiple health concerns yet he continued prey on the elderly risking and ultimately earning incarceration." Dkt. #44-2 at 2.

The Court has considered the 3353(a) factors, as it did in Mr. Gibb's sentencing a year ago, and finds that the relief requested in this Motion is not warranted at this time given the seriousness of the offense and the need to provide justice for Mr. Gibb's many victims and their families.

Accordingly, having reviewed the Motion, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion for Compassionate Release, Dkt. #35, is DENIED.

DATED this 31st day of July, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE