UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>DENNIS ROBERT GIBB,<br><br>Defendant. | CASE NO. CR19-59RSM<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION RE: COMPASSIONATE RELEASE |

This matter comes before the Court on the Motion for Reconsideration re: Compassionate Release filed by Defendant Dennis Gibb. Dkt. #47. The Government has filed a Response. Dkt. #50. Mr. Gibb, an inmate at FCI Sheridan work camp in Oregon, seeks reconsideration of the Court's Order denying his Motion for Compassionate Release, Dkt. #46.

Mr. Gibb originally sought release to a VA halfway house because he "is 73 years old and suffers from chronic kidney disease and hypertension, all of which have been identified by the Centers for Disease Control (CDC) as high risk factors for serious illness or death should he contract COVID-19." Dkt. #35 at 1. The Court set forth the applicable standard for compassionate release motions and concluded that "Defendant Gibb has established one or more medically-documented chronic health conditions rendering him more vulnerable to COVID-19." Dkt. #46 at 4. The Court incorporates its prior analysis. However, the Court stated that it was

ORDER GRANTING MOTION FOR RECONSIDERATION RE: COMPASSIONATE RELEASE – 1

"not entirely convinced that release to a VA halfway house would satisfactorily reduce the risk of exposure; it certainly would be preferable for Mr. Gibb to be released to stay with family or friends in a private residence of some kind." *Id.*  The Court noted it "possible that Mr. Gibb could now or with further factual support present extraordinary and compelling reasons justifying release to a halfway house." *Id.*  The Court then proceeded to analyze the factors set forth in section 3553(a), as required by 18 U.S.C. § 3582(c)(1)(A)(i).  The Court concluded that "the relief requested in this Motion is not warranted at this time given the seriousness of the offense and the need to provide justice for Mr. Gibb's many victims and their families," especially considering Mr. Gibb's failure to discuss his offense or his victims in his attached declaration. *Id.* at 6.

Motions for reconsideration are disfavored.  CrR 12(b)(13).  The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.  *Id.*

Mr. Gibb has revised his release plan so that he would be released to a Kate's House Foundation facility at 1228 SW 107th Street in Seattle.  *See* Dkt. #47-2.  This facility apparently houses six to eight residents living in rooms with a roommate rather than in a dormitory setting. Dkt. #47-3.  The attachments from Mr. Gibbs, include the letter from Kate's house and the memo from Daniel Potter-Engelskirger, lead the Court to conclude that this setting would—as far as the spread of COVID-19 is concerned—be significantly safer for Mr. Gibb and the community than what was originally proposed. The Court finds that Mr. Gibb has set forth sufficient factual support to demonstrate extraordinary and compelling reasons justifying his release under 18 U.S.C. § 3582(c)(1)(A).

ORDER GRANTING MOTION FOR RECONSIDERATION RE: COMPASSIONATE RELEASE – 2

Mr. Gibb has also submitted a letter addressing his offenses and the impact on his victims. Dkt. #47-1. His counsel has offered an adequate explanation for why this letter was not submitted previously. Dkt. #47 at 3–4. The Government states in its Response, "[w]hile his letter appears to express genuine and heartfelt remorse, it does not add to what was known at his sentencing." Dkt. #50 at 2.

The Court finds that, based on these new circumstances, the original factual and legal considerations in the Court's prior Order, Mr. Gibb's particular age and risk factors, and the total time now served, compassionate release is now appropriate for this individual even after considering the 3553(a) factors.

Accordingly, having reviewed the Motion, along with the remainder of the record, the Court hereby finds and ORDERS:

1. Defendant's Motion for Reconsideration re: Compassionate Release, Dkt. #47, is GRANTED. Mr. Gibb shall be released from BOP custody no later than November 24, 2020, so that he can reside at the above Kate's House facility under direct supervision from United States Probation.

2. In addition to the standard and special conditions set forth in the June 28, 2019, Judgment, Dkt. #26, the Defendant shall be prohibited from incurring new credit charges, opening additional lines of credit or obtaining a loan without approval of the Defendant's U.S. Probation Officer.

DATED this 10th day of November, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE